## HIBDON v. UNITED STATES.
### No. 12105.

United States Court of Appeals
Sixth Circuit.
June 8, 1954.

Richard B. Kirkpatrick, Cincinnati, Ohio, for appellant.

Paul Lee Hibdon, pro se.

James L. Roberts, Nashville, Tenn., Fred Elledge, Jr., Nashville, Tenn., on brief, for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

### PER CURIAM.

The appeal in this criminal case brings to light the fine sense of duty and the diligence of an attorney appointed by this court to represent this appellant on a former appeal of the case, in which reversal of the judgment of conviction and sentence in the district court was ordered. 6 Cir., 204 F.2d 834. Though under no obligation to do so, the conscientious attorney for appellant has filed a supplemental brief in his behalf as amicus curiae.

The court has given careful consideration to the points ably presented by the astute attorney, but has reached the conclusion that appellant is not entitled to a new trial. The most impressive point raised on behalf of appellant is that the affidavit of bias and prejudice filed against the district judge by appellant himself, *though not timely*, should be heard upon the facts set forth, for the reason that the indigent appellant did not have the benefit of counsel in making his affidavit. Although the appellant is not well educated, he has had much experience in the criminal courts and certainly "knows his way around" when repeatedly a defendant in them. He undertook to file a brief *in propria persona* on this appeal, and has been represented at various times by four attorneys in connection with the instant charge against him, on which he was convicted a second time by jury verdict.

We think appellant has presented no adequate reason why the letter of the statute should not be applied in its requirement that an affidavit of bias and prejudice against a trial judge must be filed at least ten days before the commencement of the term at which the defendant is to be tried. It would be, in our judgment, against public policy in the administration of justice in criminal cases to permit a trial judge to be sworn off the bench by a defendant who undertook to prepare his own affidavit of bias, without employing an attorney or requesting appointment of one to aid him.

We find no reversible error in the proceedings in the instant case. Wherefore, the judgment of conviction and sentence is affirmed.