87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virgil COCHRAN, Plaintiff-Appellant,
v.
The CITY OF NORTON, Defendant-Appellee.
 Nos. 95-3024, 95-3027 and 95-3163.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Virgil Cochran, a pro se litigant, appeals a district court judgment following a jury verdict on his behalf (No. 95-3024), a district court judgment denying in part his motion for costs (No. 95-3027), and a district court order denying his motion to have a trial transcript taxed as costs (No. 95-3163).
 
 
 2
 On September 21, 1992, Cochran sued the City of Norton, Ohio and a number of city officials and employees in both their individual and official capacities. Cochran sought monetary and declaratory relief pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, multiple constitutional amendments, and supplemental state tort claims. The complaint alleged that, pursuant to an unconstitutional ordinance, the defendants seized several unlicensed motor vehicles from Cochran's property, thereby violating his constitutional rights.
 
 
 3
 On November 12, 1992, the defendants filed a motion to dismiss. On April 15, 1993, the district court granted the motion in part and denied it in part, dismissing certain counts of Cochran's complaint. At the same time, the district judge concluded that the challenged ordinance was unconstitutional in that it violated Cochran's procedural due process rights by not providing for a pre-deprivation hearing. The case then proceeded for several months, during which time Cochran refused to follow through with a settlement agreement. On April 22, 1994, the defendants moved for summary judgment. The district court granted that motion in part, dismissing the individual defendants, and allowing the case to proceed to a jury trial against the City only on the issue of damages. On November 22, 1994, a jury awarded Cochran $300, and the district court entered a final judgment in accordance with that verdict. On December 6, 1994, Cochran filed an affidavit of prejudice against the district judge and a motion for costs in the amount of $6,356.00, which the district court granted in part and denied in part. Cochran also filed an application to proceed in forma pauperis on appeal without being required to prepay fees or the cost of obtaining a trial transcript. The district court waived the filing fee, but denied Cochran's request for a copy of the transcript at the government's expense. Cochran subsequently filed an application requesting that the cost of obtaining a transcript be taxed as costs, which the district court denied. This appeal followed.
 
 1. Case No. 95-3024
 
 4
 Cochran asserts forty-one assignments of error in Case No. 95-3024. Although Cochran raises a number of interesting legal arguments, they are regrettably without merit. The district court's rulings were based upon sound legal precedent, and we affirm the rulings that are challenged in Case No. 95-3024.
 
 Case No. 95-3027
 
 5
 Following his trial, Cochran sought reimbursement for many expenses he incurred in pursuing his claims, including typing, copying, postage, parking, preparation and filing of motions and pleadings, filing fees, witness fees, travel time, attendance time, and service of the complaint. The district court determined that Cochran was entitled to a return of his $120.00 filing fee, but that the balance of his Bill of Costs contained meritless itemizations.
 
 
 6
 A pro se litigant who is not an attorney is not entitled to attorney's fees. Kay v. Ehrler, 499 U.S. 432, 435 (1991). Because there was no basis for an award of attorney's fees in this case, the district court was limited to a determination of whether any items enumerated in 28 U.S.C. § 1920 (listing items a federal court may tax as costs) could be taxed to the defendants. Because the costs for which Cochran sought reimbursement are mere opportunity costs, and are not the sort of costs enumerated in Section 1920, we hold that the district court properly denied Cochran's Bill of Costs as to all items but his filing fee.
 
 
 7
 In Case No. 95-3027, Cochran also argues that the district court erred in dismissing his affidavit alleging bias and prejudice on the part of the district judge. This claim is likewise without merit. Title 28 U.S.C. § 144 requires an affidavit to be filed in a timely manner, and this has been construed as prohibiting a party from waiting to discover the outcome of his case before seeking to disqualify a judge. See Davis v. Cities Service Oil Co., 420 F.2d 1278, 1282 (10th Cir.1970). This timeliness requirement extends to pro se litigants. See Hibdon v. United States, 213 F.2d 869 (6th Cir.1954).
 
 
 8
 Because Cochran waited until after the jury verdict in this case to file his affidavit of prejudice, we hold that it was untimely and was properly dismissed. Furthermore, Cochran's affidavit is insufficient to justify recusal under either 28 U.S.C. §§ 144 or 455 because it alleges bias stemming from the district judge's association with the proceedings in the case, rather than any personal bias. See Glass v. Pfeffer, 849 F.2d 1261, 1267 (10th Cir.1988) (stating that an affidavit seeking recusal is to be strictly construed, must state facts and reasons to show a judge's personal bias, and cannot merely state conclusions, rumors, beliefs, or opinions).
 
 3. No. 95-3163
 
 9
 Following the jury verdict in his favor, Cochran filed several applications with the district court to have the cost of obtaining a copy of the trial transcript taxed as part of the court costs in this action. Although the district court granted Cochran leave to proceed in forma pauperis on appeal, it determined that it was not constitutionally required to assume the costs of obtaining a trial transcript for Cochran. The district court also found that Cochran failed to show good cause in support of his request to have the cost of producing the trial transcript taxed as costs to the defendants and failed to prepare a statement of the evidence or proceedings as required by Fed.R.App.P. 10(c).
 
 
 10
 This court has held that a district court is not constitutionally required to assume the cost of obtaining a trial transcript for an indigent litigant in a civil case. Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir.), cert. denied, 464 U.S. 917 (1983). The district court did not err in refusing to assume the cost of obtaining Cochran's transcript, or in denying his request to have a copy of the transcript taxed as costs under 28 U.S.C. § 1920.
 
 
 11
 We AFFIRM the district court in all respects.